**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TALLAHASSEE PROPERTY
INVESTORS, LLC,
doing business as
THE WESTCOTT APARTMENTS,**

    Plaintiff,

vs.                                     Case No. 4:17cv191-WS/CAS

**TABETHA SPENCER,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On April 26, 2017, Defendant Tabetha Spencer filed a notice of removal from state court, ECF No. 1, a civil cover sheet, ECF No. 2, a motion for leave to proceed in forma pauperis, ECF No. 3, and an answer to the complaint, ECF No. 4. Defendant's in forma pauperis motion demonstrates that Defendant earns a salary which should be sufficient to pay the filing fee for this case. Nevertheless, for purposes of this Report and Recommendation, it is recommended that the motion be granted.

The state court case which Defendant seeks to remove to this Court is an eviction proceeding. ECF No. 1. Although Defendant indicates her acknowledgment that such a case is a state law matter, *see* ECF No. 1 at 2, she contends that there is, nevertheless, a substantial federal question present and, thus, she asserts that this Court has jurisdiction. *Id.*

Review of the state record provided with the notice of removal reveals Plaintiff initiated an eviction proceeding in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, which was served on the Defendant on or about April 21, 2017. ECF No. 1-2 at 1-2. As the removal notice was filed within thirty days of receipt of service, removal was timely. 28 U.S.C. § 1446(b).

However, review of Plaintiff's complaint, ECF No. 1-2, does not demonstrate that this Court has subject matter jurisdiction over the eviction proceeding pursuant to 28 U.S.C. § 1441(a). Plaintiff's complaint alleges that Defendant owes Plaintiff rent, late fees, and liquidated damages for breach of the rental agreement. ECF No. 1-2 at 3. Those claims are state law claims. No federal question is asserted, nor is a federal statute referenced.

Federal court are courts of limited jurisdiction and have "power to hear cases 'arising under' federal statutes." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 807, 106 S. Ct. 3229, 3231, 92 L. Ed. 2d 650 (1986). "A defense that raises a federal question is inadequate to confer federal jurisdiction." Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908) (cited in Merrell Dow Pharm., 478 U.S. at 808, 106 S. Ct. at 3232). Instead, "the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" 478 U.S. at 808, 106 S. Ct. at 3232. Because the complaint asserts only a state law claim, this Court lacks jurisdiction over this action. This case should be remanded back to the state court from whence it came.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that: (1) Defendant's motion for in forma pauperis status, ECF No. 3, be **GRANTED,** and (2) that the case be **REMANDED** back to state court because this Court lacks subject matter jurisdiction, and (3) the Clerk of Court be **DIRECTED** to mail a certified

Case No. 4:17cv191-WS/CAS

copy of the order of remand to the clerk of the State court pursuant to 28 U.S.C. § 1447(c).

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).** <u>**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**</u> **If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**